## THE WILCOX REALTY COMPANY v. SAVIN ROCK PARK COMPANY, INC.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 72790

Memorandum filed August 3, 1949

*Bernard P. Kopkind*, of New Haven, for the Plaintiff.

*Larash & Gabriel*, of West Haven, for the Defendant.

QUINLAN, J. It is difficult to see how this proceeding could be called such an emergency as to require chambers time in the summer, after plaintiff stood by until the structure was erected. To be sure the locus is at a summer resort but there are involved issues which, if the office of a temporary injunction is in mind, does not warrant summary action. The status quo would not be preserved or promoted, and it is conceivable that as much mischief would be perpetrated by a temporary injunction, as by denying it. The structure is now rented.

The issue is plainly one of title and notwithstanding the meticulous care that was taken by both counsel I apprehended that the proof in this kind of a case was lacking. There may be required special maps prepared for the case, and not interpretative sketches of deeds, as well as expert witnesses. I could but guess at the respective rights on the evidence I have heard and to

interfere with the physical set-up would require going further than I am disposed to do for at least to intervene I would seek a complete return to the status quo, including opening the pier.

The plaintiff owner had a very good day on the Fourth of July and in the hot weather. He calls a good day a gross of $600. I don't disagree. Anything so special as a swim in the excessive heat of this summer will be ferreted out, even if one has to look around a corner. It's like a good lawyer or a good doctor. He needs no sign. He can be most inaccessible but the public finds a specialty every time.

Motion denied.